Nathaniel K. Charny (Bar Roll Number 515740)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiff Joseph Charles

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CHARLES,<br><br>    Plaintiff,<br> v.<br><br>FAB FIVE ENTERPRISES, INC. and<br>PETER J. FABIANO, in his individual capacity,<br><br>    Defendants. | COMPLAINT<br><br>Civil Action No. 1:17-cv-135 (DNH/DJS) |

Plaintiff Joseph Charles, by and through undersigned counsel, brings this Complaint and states as follows.

## NATURE OF THE ACTION

1. This is an action brought for unpaid overtime wages under the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL).

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA and by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

1

3. This Court has supplemental jurisdiction over the state claim raised by virtue of 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

PARTIES

5. Plaintiff Joseph Charles is a former employee of Defendants and resides in New York State.

6. Defendant Fab Five Enterprises, Inc. (herein Corporate Defendant) is a New York domestic business corporation providing vacuum cleaner repair, service and sales in New York State. Corporate Defendant identifies its principal executive offices as 270 Kings Mall Ct., Kingston, New York, 12401-1574.

7. Defendant Peter J. Fabiano is the owner and Chief Executive Officer of Corporate Defendant and, upon information and belief, resides in Ulster County, New York.

8. Defendants were joint employers of Plaintiff, acting indirectly and directly in each other's interests in relation to Plaintiff's employment.

9. For all times relevant to this Complaint, Defendant Fabiano exercised control over all aspects of the day-to-day functions of Defendants, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishing, the terms of employment of Plaintiff and others similarly situated; (iii)

power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

10. For all time relevant to this Complaint, Defendant Fabiano acted directly and indirectly in Defendants' interests in relation to its employees, including Plaintiff.

11. Since at least 2007, Corporate Defendant has employed two or more individuals, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

12. Upon information and belief, since at least 2008, Corporate Defendant's annual gross volume of sales made or business done was not less than $500,000 per year.

## FACTS

13. Plaintiff was hired on or about April 10, 2008 by Defendants as a sales representative working out of Defendants' Newburgh, New York retail location.

14. Soon thereafter, Plaintiff began being assigned to three other locations, including Defendants' Middletown, Poughkeepsie and Kingston retail locations.

15. From the onset of his employment and continuing for all time relevant to this Complaint, Plaintiff was paid an hourly rate of $9.00. In addition, Plaintiff was paid commission on sales and repairs. While it varied week to week, on average during the relevant time period of this Complaint, Plaintiff earned an additional six dollars per hour in commission.

16. From the onset of his employment and continuing for all time relevant to this Complaint, Plaintiff worked six days per week and typically eight to ten hours per day, for a total of between 48 and 60 hours per week.

17. For the period of time April 2008 until in or about April 2013, Plaintiff was misclassified as an "independent contractor" and was reported to the IRS on a Form 1099.

18. In or about April 2013, Plaintiff was advised by Defendant Fabiano that because of the "requirements set by the labor board," he would be paid as an employee and reported to the IRS on a Form W-02.

19. Plaintiff continued being employed until November 21, 2015 when he was summarily terminated from employment.

20. For all time relevant this Complaint, Plaintiff was not paid for each hour worked.

21. Defendants' fabricated the number of hours worked in a given pay period from whole cloth. Such numbers ranged from thirty hours in a week to never more than 48 hours in a given week.

22. Instead, and in fact, Plaintiff always worked at least 48 hours in a week, and most often 60 hours in a week.

23. For those hours not included in his paycheck, Plaintiff not only was not paid his hourly rate of nine dollars per hour, but was not paid the federal and state mandated minimum wage.

24. For all time relevant to this Complaint, Plaintiff was never paid any additional compensation for those hours worked in excess of forty in a given week.

25. With very few exceptions, Plaintiff always worked in excess of forty hours in a given week, almost always working 60 hours in a week.

26. Defendants paid Plaintiff for only between 35 and 45 hours in each week and never with any overtime differential.

## FIRST CAUSE OF ACTION
Fair Labor Standards Act
Unpaid Minimum Wage and Overtime

27. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if set forth herein.

28. Defendants failed to pay Plaintiff minimum wage for the hours worked as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and its implementing regulations.

29. Defendants failed to pay Plaintiff overtime wages for the hours worked in excess of forty in each week as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and its implementing regulations.

30. Defendants' failure to pay the required minimum wage and overtime wages was willful within the meaning of 29 U.S.C. §255 in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

31. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

32. Defendants' conduct equitably estops any limitation on recovery based upon the statute of limitations.

## SECOND CAUSE OF ACTION
New York Labor Law
Unlawful Deduction and Unpaid Overtime

33. Plaintiffs repeat and reiterate each and every allegation contained in the

preceding paragraphs as if set forth herein.

34. Defendants failed to pay Plaintiff his wages due and owing for all hours worked and caused a deduction of same from Plaintiff's pay in violation of NYLL and its implementing regulations.

35. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of forty in a week and caused a deduction of same from Plaintiff's pay in violation of NYLL and its implementing regulations.

36. Defendants' failure to pay the required wages was willful within the meaning of NYLL.

37. Defendants' failure to comply with New York wage and hour protections caused Plaintiff to suffer loss of wages and interest thereon.

38. By Defendants' failure to furnish Plaintiff and those similarly situated with statements as required under New York Labor § 195(3), Plaintiff is entitled to recover damages under New York Labor Law § 198(1-d).

WHEREFORE, Plaintiffs request that this Court enter an Order:

i. Granting judgment to Plaintiff on the FLSA minimum wage and overtime claim and awarding unpaid minimum wage, overtime and statutory liquidated damages;

ii. Granting judgment to Plaintiff on the New York Labor Law claims and awarding unlawfully deducted wages, unpaid overtime as well as all other damages allowed under New York law;

iii. Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

iv. Awarding the Plaintiff costs and reasonable attorneys' fees; and

v. Granting such further relief as the Court finds just.

Dated: Rhinebeck, New York
February 6, 2017

_____
Nathaniel K. Charny
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiff Joseph Charles